The Honorable Robbie Wills State Representative Post Office Box 306 Conway, Arkansas 72033-0306
Dear Representative Wills:
I am writing in response to your request for an opinion regarding the methods by which police departments may dispose of unclaimed seized property. I have combined and paraphrased your two questions as follows: "Under Act 31 of 2009, may police departments dispose of `unclaimed seized property' (as that phrase is used in A.C.A. § 5-5-101) using an online auction process?"
RESPONSE
In my opinion, the answer to your question is generally, "yes," with several important caveats mentioned below.
DISCUSSION
In my opinion, the relevant statutes permit police departments to sell certain confiscated items at an online auction.Act 31 of 2009 amended portions of A.C.A. § 24-11-415 to specifically allow the online auction of certain confiscated items:
 In all cities and towns, all goods confiscated by a police officer of the city, by the sheriff, or by an officer of the Department of Arkansas State Police within the city and that are no longer needed as evidence shall be sold at auction or Internet auction.
A.C.A. § 24-11-415(a)(1)(A) (Supp. 2009) (emphasis added). *Page 2 
The only remaining question, then, is whether the phrase used in subsection 24-11-415(a)(1)(A) — "all confiscated goods" — encompasses "unclaimed seized property," as your question contemplates. Because section 5-5-101 uses the phrase "unclaimed seized property," we will need to analyze the meaning of the phrase in that context to determine if items that qualify as "unclaimed seized property," are among the items that may be sold online pursuant to subsection 24-11-415(a)(1)(A).
Section 5-5-101 appears to divide all personal property seized by law enforcement officials into two categories: contraband and non-contraband. A.C.A. § 5-5-101(a) ("Any seized property shall be returned to the rightful owner or possessor of the seized property except contraband. . . ."). Subsection 5-5-101(b) defines what personal property must be considered contraband. Apparently, any seized personal property that is not contraband and is not claimed by the rightful owner is classified as "unclaimed seized property." Subsection 5-5-101(d) describes how such property is to be disposed of:
 (d)(1) Unclaimed seized property shall be sold at public auction to be held by the chief law enforcement officer of the county, city, or town law enforcement agency that seized the unclaimed seized property or the chief law enforcement officer's designee.
 (2) The proceeds of the sale, less the cost of the sale and any storage charge incurred in preserving the unclaimed seized property, shall be paid into the general fund of the county, city, or town whose law enforcement agency performed the seizure.
In summary, section 5-5-101 mandates that any unclaimed personal property that is not contraband that has been seized by law enforcement officials must be sold at "public auction." In my opinion, this review of 5-5-101 reveals that items qualifying as "unclaimed seized property" are among the items that may be sold at an Internet auction pursuant to subsection 24-11-415(a)(1)(A). The principal consideration supporting this conclusion is that the terminology used in subsection 5-5-101(d)(1) ("unclaimed seized property") is a subset of the terminology used in subsection 24-11-415(a)(1)(A) ("all goods confiscated"). "Unclaimed seized property" is simply a type of confiscated good. Given that "all goods confiscated" *Page 3 
may be sold at Internet auction, and "unclaimed seized property" is a type of confiscated good, "unclaimed seized property" can be sold at an online auction.[1]
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I should note that the Arkansas statutes contemplate different disposition methods for certain subsets of unclaimed seized property. Given that I have previously explained these alternative methods, and I have explained how to determine which method applies, I will not repeat that analysis. Please see the attached Attorney General opinion 2007-307.

 *Page 1